UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ILLINOIS NETWORK OF CHARTER SCHOOLS, INTRINSIC SCHOOLS, and THE MONTESSORI NETWORK D/B/A THE MONTESSORI SCHOOL OF ENGLEWOOD, <br><br>           Plaintiffs, <br><br>  v. <br><br>KWAME RAOUL in his official capacity as the Attorney General for the State of Illinois, The BOARD OF EDUCATION OF THE CITY OF CHICAGO, the ILLINOIS STATE BOARD OF EDUCATION <br><br>           Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## **PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**

Plaintiffs Illinois Network of Charter Schools, Intrinsic Schools, and the Montessori Network d/b/a the Montessori School of Englewood (collectively, "Plaintiffs"), by their undersigned counsel and pursuant to Federal Rule of Civil Procedure 65, request that this Court enter a preliminary injunction against Defendants Kwame Raoul in his official capacity as the Attorney General for the State of Illinois, the Board of Education of the City of Chicago, and the Illinois State Board of Education ("Defendants") enjoining them from enforcing Illinois Public Act 103-0416 (the "Act"). In support of their Motion, Plaintiffs state as follows:

1. Plaintiffs have filed a three-count Complaint for Declaratory and Injunctive Relief ("Complaint") alleging, *inter alia*, that the Act, which amended Sections 105 ILCS 5/27A-3, 105 ILCS 5/27A-6, and 105 ILCS 5/27A-7 of Article 27A of the Illinois School Code (the "Charter

Schools Law"), is invalid because the Act purports to strip charter schools of protections afforded to employers and employees under the National Labor Relations Act ("NLRA") and the Illinois and the United States Constitutions. Count I alleges that the Act violates the Supremacy Clause of the United States Constitution because it is preempted by the NLRA. Count II alleges that the Act's content-based, prior-restraints on speech, which prevent Illinois charter schools from expressing any opinion on the issues of unionization of their employees, violate the free speech provisions of the United States and Illinois Constitutions. Count III alleges that the Act's requirement that charter schools grant property access to unions constitutes an unlawful *per se* physical taking in violation of the United States and Illinois Constitutions.

2. Plaintiffs seek a preliminary injunction preventing Defendants from enforcing the Act pending an outcome on the merits of the underlying matter because it is preempted by the NLRA and violates the constitutional rights of Illinois' charter schools and their employees.

3. Effective August 4, 2023, the Act amended the Charter Schools Law and seeks to impose a new set of "union-neutrality" requirements on Illinois' charter schools that are preempted by the NLRA and unconstitutional. The Act legislatively requires charter schools and their administrators to "be neutral regarding the unionization of its employees" – meaning that they "will not **at any time** express a position on the matter of whether its employee's will be unionized." 105 ILCS 5/27A-3 (emphasis added). The Act further requires charter schools, including Intrinsic and TMSOE, to recognize a labor union's exclusive representative status on the basis of "majority card check" (105 ILCS 5/27A-7(a)14.7; 105 ILCS 5/27A-3), rather than pursuant to the NLRA's secret ballot election process.

4. As set forth in their forthcoming Memorandum in Support of Their Motion for Preliminary Injunction, Plaintiffs have demonstrated a likelihood of success on the merits of their claims that (i) the Act is preempted by the NLRA and unconstitutional under the Supremacy Clause of the United States Constitution, and (ii) the Act's restriction on speech violates Illinois charter schools' free speech rights under the U.S and Illinois Constitutions.

5. Plaintiffs have also demonstrated that they and all Illinois charter schools and charter school employees will suffer irreparable harm in the absence of injunctive relief because the Act deprives them of their constitutional and statutory rights. Moreover, Plaintiffs can establish irreparable harm because they are being forced to (1) either comply with the Act's requirements, and sign charter renewal agreements depriving them and their employees of constitutionally protected rights; or (2) they can refuse Defendants' attempts to enforce the Act – by refusing to sign the renewal charter agreements – thereby threatening their continued funding and jeopardizing their ability to continue operations. There is no amount of compensation, or adequate remedy at law, that could subsequently reinstate a charter school forced into closure, or ensure that its students, families and staff members would return.

6. The equities weigh heavily in Plaintiffs' favor. Defendants will suffer no hardship if the Court grants Plaintiffs' requested relief. Without injunctive relief, Plaintiffs would be forced to forgo their constitutionally and statutorily protected rights and endure irreparable harm.

7. Plaintiffs seek a ruling on their Motion at the earliest possible date.

8. In support of this Motion, Plaintiffs rely on Plaintiff's Complaint for Declaratory and Injunctive Relief, Plaintiffs' forthcoming Memorandum in Support of Their Motion for Preliminary Injunction and the Affidavits to be submitted therewith.

WHEREFORE, Illinois Network of Charter Schools, Intrinsic Schools, and the Montessori Network d/b/a the Montessori School of Englewood request that this Court grant their Motion for Preliminary Injunction and enjoin Defendants Kwame Raoul in his official capacity as the Attorney General for the State of Illinois, the Board of Education of the City of Chicago, and the Illinois State Board of Education from enforcing Illinois Public Act 103-0416 facially, and as applied to Plaintiffs.

Dated: June 18, 2024

        PLAINTIFFS ILLINOIS NETWORK OF CHARTER SCHOOLS, INTRINSIC SCHOOLS, and THE MONTESSORI NETWORK D/B/A THE MONTESSORI SCHOOL OF ENGLEWOOD

        By: /s/ Michael L. Sullivan        .
             One of Their Attorneys

        Michael L. Sullivan
        Jon E. Klinghoffer
        Meredith S. Kirshenbaum
        Peter D. Kauffman (application pending)
        GOLDBERG KOHN LTD.
        55 East Monroe Street, Suite 3300
        Chicago, Illinois 60603
        (312) 201-4000
        michael.sullivan@goldbergkohn.com
        jon.klinghoffer@goldbergkohn.com
        meredith.kirshenbaum@goldbergkohn.com
        peter.kauffman@goldbergkohn.com