UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ILLINOIS NETWORK OF CHARTER SCHOOLS, INTRINSIC SCHOOLS, and THE MONTESSORI NETWORK D/B/A THE MONTESSORI SCHOOL OF ENGLEWOOD, <br><br> Plaintiffs, <br><br> v. <br><br> KWAME RAOUL in his official capacity as the Attorney General for the State of Illinois, The BOARD OF EDUCATION OF THE CITY OF CHICAGO, the ILLINOIS STATE BOARD OF EDUCATION <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) Case No. ) ) ) ) ) ) ) ) ) ) |

**PLAINTIFFS' MOTION FOR LEAVE TO EXCEED PAGE LIMITATION
WITH RESPECT TO MEMORANDUM IN SUPPORT
<u>OF THEIR MOTION FOR PRELIMINARY INJUNCTION</u>**

Plaintiffs Illinois Network of Charter Schools, Intrinsic Schools, and the Montessori Network d/b/a the Montessori School of Englewood, (collectively, "Plaintiffs") file this motion to for leave to exceed the page limitation with respect to Plaintiffs' Memorandum in Support of Their Motion for Preliminary Injunction, and respectfully request permission to file a memorandum in support of no more than twenty-three (23) pages. In support of this motion, Plaintiffs state as follows:

1. On June 18, 2024, contemporaneously herewith, Plaintiffs filed their Complaint for Declaratory and Injunctive Relief and Motion for Preliminary Injunction. Plaintiffs also intend to file a Memorandum in Support of Their Motion for Preliminary Injunction.

2. Local Rules provide that a brief in support of a motion shall not exceed fifteen (15) pages without leave of the Court. *See* L.R. 7.1.

3. Plaintiffs' three-count Complaint for Declaratory and Injunctive Relief ("Complaint") seeks a declaration that Illinois Public Act 103-0416 (the "Act"), which amended Sections 105 ILCS 5/27A-3, 105 ILCS 5/27A-6, and 105 ILCS 5/27A-7 of Article 27A of the Illinois School Code (the "Charter Schools Law"), is invalid because the Act purports to strip charter schools of protections afforded to employers and employees under the National Labor Relations Act ("NLRA") and the Illinois and the United States Constitutions. Count I alleges that the Act violates the Supremacy Clause of the United States Constitution because it is preempted by the NLRA. Count II alleges that the Act's content-based restrictions on speech, which prevent Illinois charter schools from expressing any opinion on the issues of unionization of their employees, violate the free speech provisions of the United States and Illinois Constitutions. Count III alleges that the Act's requirement that charter schools grant property access to unions constitutes an unlawful *per se* physical taking in violation of the United States and Illinois Constitutions.

4. By their Motion for Preliminary Injunction, Plaintiffs seek a preliminary injunction preventing Defendants Kwame Raoul in his official capacity as the Attorney General for the State of Illinois, the Board of Education of the City of Chicago, and the Illinois State Board of Education from enforcing the Act pending an outcome on the merits of the underlying matter because it is preempted by the NLRA and violates the constitutional rights of Illinois' charter schools and their employees. Plaintiffs' proposed 23-page Memorandum in Support of Their Motion for Preliminary Injunction details the Charter Schools Law and the Act's provisions amending the Charter Schools Law; describes how the Act's provisions violate the U.S. and Illinois

Constitutions; and demonstrates how Plaintiffs meet the standard for obtaining a preliminary injunction by showing a likelihood of success on the merits, the lack of an adequate remedy at law, and the irreparable harm caused by enforcement of the Act.

5. Given the legal complexity of the issues raised in Plaintiffs' Complaint and their Motion for Preliminary Injunction, and the significance of the matter given the constitutional challenge, Plaintiffs respectfully request that the Court allow them to exceed the fifteen (15) page limit with respect to their Memorandum in Support of Their Motion for Preliminary Injunction. The fifteen (15) page limit for the brief would be insufficient to address the numerous topics raised in the Memorandum in Support of Their Motion for Preliminary Injunction in any more than a superficial depth. Plaintiffs believe that a memorandum of no longer than twenty-three (23) pages will allow for appropriate presentation of all the relevant issues to the Court.

6. If this Motion is granted, pursuant to Local Rule 7.1, Plaintiffs' memorandum will include a table of contents and a table of cases.

WHEREFORE, Illinois Network of Charter Schools, Intrinsic Schools, and the Montessori Network d/b/a the Montessori School of Englewood, request that they receive leave to file a Memorandum in Support of Their Motion for Preliminary Injunction in excess of the fifteen (15) page limit, but not to exceed a total of twenty-three (23) pages.

Dated: June 18, 2024

                                  PLAINTIFFS ILLINOIS NETWORK OF CHARTER
                                  SCHOOLS, INTRINSIC SCHOOLS, and THE
                                  MONTESSORI NETWORK D/B/A THE
                                  MONTESSORI SCHOOL OF ENGLEWOOD

                                  By: /s/ Michael L. Sullivan .
                                        One of Their Attorneys

        Michael L. Sullivan
        Jon E. Klinghoffer
        Meredith S. Kirshenbaum
        Peter D. Kauffman (application pending)
        GOLDBERG KOHN LTD.
        55 East Monroe Street, Suite 3300
        Chicago, Illinois  60603
        (312) 201-4000
        michael.sullivan@goldbergkohn.com
        jon.klinghoffer@goldbergkohn.com
        meredith.kirshenbaum@goldbergkohn.com
        peter.kauffman@goldbergkohn.com