## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| ILLINOIS NETWORK OF CHARTER, | ) | |
| SCHOOLS, *et al.*, | ) | |
| Plaintiffs, | ) | Case No. 24-cv-05057 |
| | ) | |
| v. | ) | Honorable Robert Blakey |
| | ) | |
| KWAME RAOUL, *et al.*, | ) | |
| Defendants. | ) | |

### DEFENDANT BOARD OF EDUCATION OF THE CITY OF CHICAGO'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

Defendant Board of Education of the City of Chicago ("the Board" or "CPS"), by its undersigned counsel, moves to dismiss Plaintiff's First Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  In support of its motion, Defendant the Board states as follows:

### INTRODUCTION

In Illinois, charter schools exist only because the General Assembly passed a statute to create them.  See Article 27A of the Illinois School Code (105 ILCS 5/27A1, et seq), which is known as the Charter Schools Law.  Under that statute, charter schools are public schools that operate as part of the public school system, using Illinois public school funds, with Illinois government officials approving their "establishment and continued existence."  *See Graham v. Bd of Educ.*, 8 F.4th 625, 629 (7th Cir. 2021).  The Board enters into operating agreements -- charter agreements -- with Chicago charter schools.  See 105 ILCS 5/27A-6.

In this lawsuit, Plaintiffs are challenging Illinois Public Act 103-0416, part of a 2023 amendment to the Charter Schools Law.  Dkt. No. 56 ¶1.  In that amendment, every charter school renewal contract must include a "Union Neutrality Clause" (105 ILCS 5/27A7(a)(14.7)), which requires a charter school operator to remain neutral about union activity in its workforce.  *See* 105

ILCS 5/27A-3.  Plaintiffs assert that the statute: (1) violates the Supremacy Clause by intruding on federal labor law; (2) is a facial violation of the First Amendment; and (3) is an unlawful taking.  Dkt. No. 56 ¶23.  Plaintiffs have brought these claims against the Board because the Board, as required by the Act, has included this Union Neutrality Clause in its charter agreements with some of the Plaintiffs.  For the reasons discussed below, Plaintiffs' Amended Complaint has failed to state a claim of relief upon which relief can be granted against the Board, and should be dismissed.

## LEGAL STANDARDS

Under Federal Rule of Civil Procedure 12(b)(6), a complaint may be dismissed if the plaintiff fails to allege sufficient facts to state a cause of action that is plausible on its face.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "Threadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice."  *Id.* at 678.  Plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  (citing *Twombly*, 550 U.S. at 556).

The court need not strain to find inferences favorable to Plaintiff which are not apparent on the face of the complaint and need not accept legal conclusions alleged or inferred from the pleading as facts. *Nelson v. Monroe Regional Medical Center*, 925 F.2d 1555, 1559 (7th Cir. 1991). Nor is a court required to ignore facts set forth in a complaint that undermine Plaintiff's claim. *Hamilton v. O'Leary*, 976 F.2d 341, 343 (7th Cir. 1992). A plaintiff may "plead himself out of court" by alleging facts establishing a defendant is entitled to prevail on a motion to dismiss. *McCormick v. City of Chicago*, 230 F.3d 319, 325 (7th Cir. 2000).

## ARGUMENT

1. **Plaintiffs' claims against the Board should be dismissed for failing to state a claim upon which relief can be granted.**

Even taking all of the allegations in Plaintiffs' Amended Complaint as true, Plaintiff cannot pursue this case against the Board because they have failed to state a claim upon which relief can be

2

granted because it fails to account for the requirements of *Monell v. Dep't of Soc. Serv.,* 436 U.S. 658 (1978). To plead a claim against a municipal government entity under Section 1983, Plaintiffs must allege that the municipality committed the unlawful acts by its own conduct. *Dean v. Wexford Health Sources,* 18 F.4th 214, 235 (7th Cir. 2021). As relevant in this case, the overarching questions as to municipal liability under §1983 are whether the allegedly unconstitutional act "may fairly be said to represent official policy" of that municipality and whether the policy was the "moving force" behind the violation. *Monell* at 694. Stated another way, the question is whether there is a "direct causal link," *City of Canton, Ohio v. Harris,* 489 U.S. 378, 386 (1989), between the violation and a "deliberate choice [by the municipality] to follow a course of action ... made from among various alternatives." *Pembaur v. City of Cincinnati,* 475 U.S. 469, 483 (1986). The Seventh Circuit has held that "[w]hen the municipality is acting under compulsion of state or federal law, it is the policy contained in that state or federal law, rather than anything devised or adopted by the municipality, that is responsible for the injury." *Bethesda Lutheran Homes & Servs., Inc. v. Leean*, 154 F.3d 716, 718 (7th Cir. 1998). To hold otherwise risks "put[ting] local government at war with state government." *Id.*

In this case, though the Amended Complaint repeatedly references the Board's implementation of the Act in its agreements with charter schools, Plaintiffs admit that the Board's inclusion of the challenged language was "in furtherance of [the Board's] compliance with the Act." *Id.* at ¶10. In fact, the Amended Complaint explicitly conflates the requirements of Illinois Public Act 103-0416 ("the Act") with the Board's implementation of the Act. Dkt. No. 56 ¶11 at 7 n.1. Nowhere does the Amended Complaint include specific allegations that the Board was the "moving force" behind the alleged violation or that the Board has any lawful alternative other than implementing the Act in its charter school agreements. Therefore, the Amended Complaint fails to

state a claim against the Board upon which relief can be granted and should be dismissed pursuant to Rule 12(b)(6).[1]

**2. The Board joins and adopts co-defendant Illinois Attorney General Kwame Raoul and the Illinois State Board of Education's arguments in Section II of their motion to dismiss.**

The Board incorporates by reference, pursuant to F.R.C.P 10(c), the arguments set forth by Illinois Attorney General Kwame Raoul and the Illinois State Board of Education's ("ISBE") (collectively "the State Defendants") Memorandum of Law in Support of the State Defendant's Motion to Dismiss Plaintiff's Amended Complaint - specifically Section II. Dkt. No. 86. The facts, issues, and substantive arguments in Section II of the State Defendants' Motion to Dismiss are as significant to the Board as to the State Defendants. Requiring the Board to also brief the multiple issues discussed in Section II of the State Defendants' Motion would be duplicative work for all parties and the Court. Because all of the arguments made by the State Defendants in their Section II also apply to the Board, the Board joins and adopts the arguments in Section II of the State Defendants' Motion to Dismiss (Dkt. No. 86).

<u>**CONCLUSION**</u>

For the foregoing reasons, the Court should dismiss the Amended Complaint against the Board with prejudice and in its entirety.

---

[1] The Board reiterates that it takes no position on whether the Union Neutrality Clause is unlawful. If this Court eventually rules on whether that Clause is lawful, the Board will abide by the Court's ruling.

Dated: March 25, 2026           **DEFENDANT BOARD OF EDUCATION OF THE CITY OF CHICAGO**

ELIZABETH K. BARTON, Acting General Counsel

By:     */s/ Clara R. Kent*
        Clara R. Kent
        Assistant General Counsel
        Attorney No. 6338024
        Board of Education of the City of Chicago
        One North Dearborn Street
        Law Department, Suite 900
        Chicago, Illinois 60602
        Tel: (773) 553-1777
        Fax: (773) 553-1701
        crkent@cps.edu

5

**CERTIFICATE OF SERVICE**

I, Clara R. Kent, an attorney of record, do hereby certify that on March 25, 2026, I electronically filed the above Motion to Dismiss Plaintiffs' Amended Complaint using the Court's CM/ECF Filing System, which will send electronic notice to all parties of record.

By: */s/ Clara R. Kent*
Clara R. Kent, Attorney No. 6338024

6