**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ILLINOIS NETWORK OF CHARTER SCHOOLS, INTRINSIC SCHOOLS, THE MONTESSORI NETWORK D/B/A THE MONTESSORI SCHOOL OF ENGLEWOOD, NAMASTE CHARTER SCHOOL, INC., CHICAGO CHARTER SCHOOL FOUNDATION D/B/A CHICAGO INTERNATIONAL CHARTER SCHOOL, NOBLE NETWORK OF CHARTER SCHOOLS, GREAT LAKES ACADEMY CHARTER SCHOOL, PERSPECTIVES CHARTER SCHOOL, CATALYST SCHOOLS, and ERIE ELEMENTARY CHARTER SCHOOL, | ) | Case No. 1:24-cv-05057 |
| Plaintiffs, | ) | Judge Robert Blakey |
| v. | ) | |
| THE BOARD OF EDUCATION OF THE CITY OF CHICAGO and DR. TONY SANDERS, in his official capacity as the Illinois State Superintendent of Education, | ) | |
| Defendants. | ) | |

**PLAINTIFFS' STATUS REPORT**

Plaintiffs, by their counsel, respectfully submit this status report in response to the docket entry made by the Clerk on Tuesday, June 30, 2026 (ECF No. 113).

1. The Court's Minute entry denied without prejudice Plaintiffs' Unopposed Motion for Leave to Exceed Page Limitation with Respect to Memorandum of Law in Support of Their Motion for Summary Judgment. The Court stated that the motion appears premature and that the "Court does not permit piecemeal summary judgment motions without an appropriate showing; thus, absent a representation from Plaintiffs that they will not again seek summary judgment after

discovery. . . the Court declines to consider any such motion." The Court observed that a discovery schedule "has not yet been sent, or even contemplated by the parties." The Court invited Plaintiffs to submit a status report confirming their intentions regarding summary judgment.

2. Plaintiffs do not intend to file piecemeal motions for summary judgment. Plaintiffs intend to comply with Federal Rule of Civil Procedure 56(b), which states in pertinent part that "a party may file a motion for summary judgement at any time until 30 days after the close of all discovery." Fed. R. Civ. P. 56(b); *see also F.C. Bloxom Co. v. Tom Lange Co. Int'l, Inc.*, 109 F.4th 925, 935-36 (7th Cir. 2024) (recognizing that Fed. R. Civ. P. 56(b) authorizes parties to move for summary judgment "regardless of whether discovery has been completed or even begun," which avoids futile or wasteful discovery and encourages the efficient resolution of litigation).

3. Rule 56 includes a procedural check on premature motions for summary judgment. A non-movant seeking delay of consideration of a motion for summary judgment can submit a sworn "affidavit or declaration," that the non-movant "cannot present facts essential to justify its opposition." Fed. R. Civ. P. 56(d). Critically, a "Rule 56(d) affidavit must do more than express 'a fond hope' that additional discovery would uncover useful evidence." *F.C. Bloxom*, 109 F.4th at 936 (citing *MAO-MSO Recovery II, LLC v. State Farm Mut. Auto. Ins. Co.*, 994 F.3d 869, 877 (7th Cir. 2021)). Any Rule 56(d) affidavit or declaration "must instead identify with specificity the information that additional discovery is expected to uncover." *F.C. Bloxom*, 109 F.4th at 936. "Even more, it must explain how that information would allow the non-movant to proceed to trial on the legal theory articulated by its adversary. As we have recognized many times over the years, a district court need not permit discovery that would make no difference." *Id.*

4. Here, Plaintiffs' proposed Rule 56 motion will not seek piecemeal relief. It will seek relief on behalf of all Plaintiffs, on all counts of the Second Amended Complaint, and against both

Defendants. Moreover, Plaintiffs do not believe that the circumstances of this action require discovery. Plaintiffs do not intend to file piecemeal summary judgment motions after discovery because discovery is not necessary. The so-called "Neutrality Regulations" at issue in Plaintiffs' Second Amended Complaint say what they say. This action presents only issues of law for the court to determine. That is why Plaintiffs seek a just, speedy, and inexpensive end to this litigation consistent with Rule 1 of the Federal Rules of Civil Procedure.

Plaintiffs accordingly renew their Unopposed Motion for Leave to Exceed Page Limitation with Respect to Memorandum of Law in Support of Their Motion for Summary Judgment (ECF No. 111) and request that the Court grant leave to file their proposed Rule 56 motion and memorandum in support.

Dated: July 8, 2026

PLAINTIFFS ILLINOIS NETWORK OF CHARTER SCHOOLS, INTRINSIC SCHOOLS, THE MONTESSORI NETWORK D/B/A THE MONTESSORI SCHOOL OF ENGLEWOOD, NAMASTE CHARTER SCHOOL, INC., CHICAGO CHARTER SCHOOL FOUNDATION D/B/A CHICAGO INTERNATIONAL CHARTER SCHOOL, NOBLE NETWORK OF CHARTER SCHOOLS, GREAT LAKES ACADEMY CHARTER SCHOOL, PERSPECTIVES CHARTER SCHOOL, CATALYST SCHOOLS, and ERIE ELEMENTARY CHARTER SCHOOL

By: /s/ Michael L. Sullivan
One of Their Attorneys

Michael L. Sullivan
Jon E. Klinghoffer
Meredith S. Kirshenbaum
GOLDBERG KOHN LTD.
55 East Monroe Street, Suite 3300
Chicago, Illinois 60603

(312) 201-4000
michael.sullivan@goldbergkohn.com
jon.klinghoffer@goldbergkohn.com
meredith.kirshenbaum@goldbergkohn.com

Kimball R. Anderson
Winston Taylor LLP
300 N. LaSalle Drive, Suite 4600
Chicago, Illinois 60654
(312) 558-5858
kimball.anderson@winstontaylor.com

Michael B. Kimberly
Winston Taylor LLP
1901 L Street, N.W.
Washington, D.C. 20036-3506
(202) 282-5096
michael.kimberly@winstontaylor.com

**CERTIFICATE OF SERVICE**

The undersigned, an attorney, hereby certifies that on July 8, 2026, he caused copies of the foregoing Notice of Motion to be served via the Court's ECF/electronic mailing system upon all counsel of record.

/s/ Michael L. Sullivan